BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff Oceaneering Int'l AG
46 Trinity Place
New York, New York 10006
212-297-0050
Jeanne-Marie Downey Van Hemmen ( JV 6414 )

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OCEANEERING INTERNATIONAL AG,

        Plaintiff,                          09 Civ. 5601(NRB)

   -against-

SINTEZNEFTGAS NAMIBIA LTD., a/k/a
SINTEZNEFTGAZ NAMIBIA LTD., a/k/a
SINTEZNEFTEGAZ NAMIBIA LTD., a/k/a
SINTEZNEFTEGAS NAMIBIA LTD., a/k/a
SINTEZ,

        Defendant.
------------------------------------------------------------X

**OCEANEERING'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO REOPEN THE CASE
AND FOR RECOGNITION OF ITS VIRGINIA
STATE COURT JUDGMENT AGAINST DEFENDANT
AND FOR A TURN OVER ORDER**

**Preliminary Statement**

Plaintiff, Oceaneering International AG ("Oceaneering"), moves herein to have the case reopened and for recognition of its Virginia State Court Judgment against Defendant Sintezneftgas Namibia Ltd., a/k/a Sintezneftgaz Namibia Ltd., a/k/a Sintezneftegaz Namibia Ltd., a/k/a Sintezneftegas Namibia Ltd., a/k/a Sintez ("Sintez"), and for an Order compelling the Clerk of the Court to turn over $240,000 in previously attached funds to Oceaneering in part satisfaction of the Judgment.

**The Facts**

Oceaneering initiated this lawsuit with the filing of a Verified Complaint with a prayer for Rule B Maritime Attachment on or about June 18, 2009. Oceaneering's Complaint alleged the breach of a maritime contract pursuant to which it provided goods and services to an oil rig operated by Sintez ("Maritime Contract"). The Complaint sought, <u>inter</u> <u>alia</u>, an order and process of maritime attachment and garnishment in the amount of $610,682.78 and recognition and confirmation of any judgment issued by a Virginia Court in Oceaneering's favor against Sintez arising out of these same facts. The Maritime Contract at issue provided that all parties submit to the sole and exclusive jurisdiction of Virginia courts for the resolution of all disputes arising thereunder. Attorney Declaration of Jeanne-Marie D. Van Hemmen in Support of Oceaneering's Motion for a Turn Over Order, at ¶¶3, 4 (hereinafter "Van Hemmen Dec. at ¶ __")

Judge McMahon was the Part I judge on duty in the Southern District of New York when Oceaneering filed its Complaint. Judge McMahon issued an Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Server on June 22, 2009 ("First Writ"). Van Hemmen Dec. at ¶ 6 and exhibit B thereto.

Thereafter, Judge Buchwald, to whom the case was assigned at the time of filing, issued a Superseding Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Server on June 30, 2009 ("Second Writ"). Van Hemmen Dec. at ¶ 7 and exhibit C thereto.

Both the First Writ and the Second Writ ordered that, <u>inter alia</u>, "Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for [Sintez] by any garnishee . . . , including but not limited to funds representing electronic fund transfers <u>originated by</u> [Sintez] at the time of service, in an amount of up to $510,682.78,"(emphasis contained in First Writ only).

Oceaneering served the First Writ by hand on various garnishees, including Standard Chartered Bank, on June 23, 2009. Van Hemmen Dec. at ¶ 9 and exhibit D. Oceaneering served the Second Writ by hand on various garnishees, including Standard Chartered Bank, on July 1, 2009. Van Hemmen Dec. at ¶ 10 and exhibit E.

On March 12, 2009, prior to Oceaneering's service of the First and Second Writ on Standard Chartered Bank, Judge Koetl had issued R.S. Platou Offshore AS an Order directing

the clerk to issue Process of Maritime Attachment and Garnishment against Sintez in a matter encaptioned R.S. Platou Offshore AS v. Sintezneftegaz Namibia Ltd., 09 Civ. 2133 (SDNY)("R.S. Platou's Writ"). Van Hemmen Dec. at ¶ 11.

On April 28, 2009, Standard Chartered Bank, acting pursuant to R.S. Platou's Order and Writ of Maritime Attachment, restrained $240,000 belonging to Sintez ("Attached Funds"). On information and belief, the Attached Funds were an intercepted wire transfer from Sintez to a third party. At the time Oceaneering served its First and Second Writ, on June 23 and July 1, 2009, Standard Chartered Bank had segregated the Attached Funds into a suspense account pending a further court order. Oceaneering's service of its First and Second writ did not cause Standard Chartered Bank to intercept an electronic wire transfer.

Oceaneering provided notice of the restraint of the Attached Funds and a copy of its Summons, Complaint, and the First and Second Writ, to Sintez at the address provided for Sintez' receipt of all notices in the Maritime Contract, pursuant to Rule B. Despite notice, Sintez did not make an appearance in this action. Van Hemmen Dec. at ¶ ¶ 11, 12 and 13.

On October 15, 2009, Oceaneering and R.S. Platou entered into a Stipulation that provided for the turn over of the Attached Funds from Standard Chartered Bank into the Registry of the Court while their respective claims on the Attached Funds were resolved in the ancillary litigations/arbitrations to which they related. Van Hemmen Dec. at ¶ 14 and exhibit F.

On October 16, 2009, the Court entered an order herein dismissing Oceaneering's case without prejudice and stating that, "upon request of plaintiff, the case will be reopened for the purpose of any necessary proceeding to enforce any judgment or arbitration award rendered in connection with a resolution on the merits of the dispute that is the subject of this action or to enforce any settlement agreement reached by the parties."  Van Hemmen Dec. ¶ 14 and exhibit g.

On October 20, 2010 Judge Koetl issued an order in R.S. Platou Offshore AS v. Sintezneftegaz Namibia Ltd., 09 Civ. 2133 (JGK), compelling R.S. Platou to, inter alia, submit an affidavit showing why Sintez' property could be found in the District or any other reason why R.S. Platou's attachment of the Attached Funds should not be vacated in light of the Second Circuit Court of Appeals' decision in Shipping Corp. of India v. Jaldhi Overseas Pte. Ltd., 2009 WL 3319375 (2d Cir. Oct. 16, 2009)("Jaldhi").  Van Hemmen Dec. at ¶ 15.

On November 2, 2009, Judge Koetl issued an Order of Discontinuance in R.S. Platou Offshore AS v. Sintezneftegaz Namibia Ltd., 09 Civ. 2133 (JGK), dismissing R.S. Platou's action against Sintez without prejudice and extinguishing R.S. Platou's interest in the Attached Funds in the Court's registry.  Van Hemmen Dec. at ¶ 16.

In the meantime, Oceaneering sued Sintez in the Virginia State Circuit Court for the City of Alexandria and obtained an Order of Default Judgment against Sintez in the amount of $533,175.44 with interest to accrue at 6% per annum from date of entry of the Order of

Judgment until the judgment is satisfied ("Virginia Judgment"). Van Hemmen Dec. at ¶ 5 and exhibit A; Declaration of Timothy Halloran, Esq., at ¶7 and exhibit A thereto.

The Virginia Judgment is final and enforceable and no longer subject to appeal. Sintez was served with the Virginia state court summons and complaint in compliance with Virginia state law pursuant to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Proceedings. Halloran Dec., ¶¶ 4, 5, 7 and 8.

## LEGAL ARGUMENT

### Point I

### The Court Should Reopen this Case

This Court entered an order on October 16, 2009 dismissing this matter without prejudice and stating that it would be reopened upon the request of Plaintiff for the purpose of any necessary proceeding to enforce any judgment rendered in connection with a resolution on the merits of the dispute. As set forth more fully herein, Oceaneering has obtained its judgment on the merits of its dispute with Sintez and seeks to enforce that judgment, partially, herein. Accordingly, this Court should order the reopening of this case in accordance with its October 16, 2009 Order.

### Point II

### The Court Should Recognize the Virginia Judgment

The federal full faith and credit statute provides that "judicial proceedings . . . shall

have the full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . ." 28 U.S.C. § 1738. Oceaneering has obtained a final, enforceable judgment from the Virginia State Court. The Virginia Judgment is no longer subject to appeal. In accordance with the Full Faith and Credit Act, this Court should recognize the Virginia Judgment.

### Point II

### The Court Should Order the Turn Over of the Attached Funds to Oceaneering in Partial Satisfaction of the Virginia Judgment

Article III of the Constitution, in extending federal jurisdiction "to all cases of admiralty and maritime jurisdiction," gives district courts the inherent power to grant maritime attachments. U.S. Const. Art III § 2. Admiralty courts have issued maritime attachments "as far back as the authentic history of those tribunals can be traced." Atkins v. The Disintergrating Co., 85 U.S. (18 Wall.) 272, 303 (1874). Attachments secure a defendant's appearance and ensure at least partial recovery if the plaintiff succeeds in the action or related arbitration. Swift & Co. Packers v. Compania Colombiana del Caribe, S.A., 339 U.S. 684, 693 (1950) (citing Manro v. Almeida, 23 U.S. (10 Wheat.) 473, 489 (1825)).

Maritime attachments are necessary because it is often "more difficult to find property of parties to a maritime dispute than of parties to traditional civil actions. Maritime parties are peripatetic and their assets are often transitory." Aqui Stoli Shipping Ltd. v. Gardner Smith

Pty Ltd., 460 F.2d 434, 443 (2d Cir. 2006); See In re Louisville Underwriters, 134 U.S. 488, 493 (1890). In recognition of these realities, the Admiralty Rules provide a broad attachment rule, "under which the attachment is quite easily obtained." Aqua Stoli Shipping Ltd., 460 F.3d at 443("the traditional policy underlying maritime attachment has been to permit the attachments of assets wherever they can be found and not to require the plaintiff to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment").

Pursuant to Admiralty Rule B, when a defendant cannot be found within the district in which the complaint is filed, plaintiffs may "attach the defendant's . . . intangible personal property in the hands of garnishees." Fed. R. Civ. P. Supp. R. B (1)(A). The attached property is used to satisfy a judgment obtained by the plaintiff against the defendant. See Swift & Co. Packers v. Compania Colombiana del Caribe, S.A., 339 U.S. 684, 693 (1950) (citing Manro v. Almeida, 23 U.S. (10 Wheat.) 473, 489 (1825)).

Oceaneering obtained two writs of attachment pursuant to Rule B. Both writs permitted the attachment of Sintez' intangible property located within this District. Oceaneering served its writs of attachment on Standard Chartered Bank. At the moment of service, Standard Chartered Bank was in possession of the Attached Funds located in a segregated bank account in which Sintez had a property interest. See N.Y.U.C.C. § Article 4-A-402(a)( extending property rights in the suspense account funds of intermediary banks to the originator of a failed wire transfer); Starboard Venture Shipping, Inc. v. Casinomar, 1993

U.S.Dist. LEXIS 15891; 1994 A.M.C. 1320 (S.D.N.Y.)(holding that a defendant has an attachable reversionary property interest in funds previously attached by other claimants); See also Eitzen Bulk A/S v. Ashapura Minechem Ltd., 08 Civ. 8319, Document No. 57, Order and Opinion Denying and granting Motions to vacate Attachments, p. 12, citing N.Y. U.C.C. § 4-A-502; John Downes & Jordan Elliot Goodman, Dictionary of Finance and Investment Terms 699 (2d Ed. 2006)(Attached hereto as Exhibit 1). Thereafter, the Attached Funds were paid into the Court's registry. Oceaneering has since obtained a judgment against Sintez in the Virginia State Court action. Accordingly, the Attached Funds should be payed over to Oceaneering in partial satisfaction of the Virginia Judgment.

Since Oceaneering's Writs did not intercept EFTs, the Second Circuit's decision in Shipping Corp. of India v. Jaldhi Overseas Pte. Ltd., 2009 WL 3319675, __ F.3d __ (2d Cir. Oct. 16, 2009)("Jaldhi") is not applicable. However, if the Court deems Jaldhi and its progeny applicable to these facts, Oceaneering is nonetheless entitled to the Attached Funds. See Bulk A/S v. Ashapura Minechem Ltd., et al., 08 Civ 8319 (AHK), Document 57, Order and Opinion Denying and Granting Motions to Vacate Attachments, attached hereto as Exhibit 1. In that case, Eitzen Bulk sought and obtained a Rule B attachment of EFTs to secure a judgment it thereafter obtained in a London arbitration against the defendant Ashapura Minechem Ltd. ("Ashapura"). The garnishee banks deposited the EFTs into their suspense accounts.

Ashapura refused to participate in the London arbitration. However, after the Second

Circuit issued the Jaldhi decision, Ashapura made a limited appearance in this District and moved to vacate the attachments and for return of the funds it sent through the District on the basis that Jaldhi compelled that result.

The Court denied Ashapura's motion. It held that, at the time the motion was made, the funds were in a suspense account. They were no longer EFTs. Jaldhi's determination that a court could not restrain EFTs because EFT's were not the defendant's property, did not impact what a court could do vis a vi funds located in a suspense account. The Court held that, as between the judgment creditor, Eitzen, and the defaulting defendant, Ashapura, the judgment creditor's claim on the funds in the suspense account should be recognized. See Order and Opinion Denying and Granting Motions to Vacate, p. 16.

In this case, there is only one claimant on the Attached Funds, Oceaneering. Oceaneering is a judgment creditor of Sintez. Sintez failed to appear in both this action to defend its attached property and the Virginia state court action to defend itself against Oceaneering's breach of contract claims. As in Eitzen Bulk, Oceaneering's claim on the Attached Funds should prevail.

This is especially so in this case wherein no other person is asserting an interest in the Attached Funds. Given that the Attached Funds are in the Court's Registry, it is likely they will remain there indefinitely if they are not turned over to Oceaneering.[1] As between a judgment

---

[1] Were the Court to order the funds redelivered to Standard Chartered Bank, the bank would follow Sintez' original wire transfer instructions, with the effect that Sintez

creditor and limbo in the Court's Registry, equity demands that the Attached Funds be turned over to the judgment creditor.

## Conclusion

For the foregoing reasons, this Court should reopen this case, recognize the Virginia Judgment and order the turn over of the Attached Funds from the Court's Registry to Oceaneering.

Dated: Red Bank, NJ
       May 21, 2010

                Betancourt, Van Hemmen, Greco & Kenyon LLC
                Attorneys for Oceaneering Int'l. AG

                By_____/s/_____
                Jeanne-Marie Van Hemmen(JV 6414)
                46 Trinity Place
                New York, NY 10006
                (212) 297-0050

---

would obtain control of the Attached Funds and have its debt to the beneficiary extinguished. This reality underscores Sintez' ongoing property interest in the suspense account. Such a result would be patently unjust given that Sintez has refused to engage in its own defense in either of the foras wherein Oceaneering has filed lawsuits. See Eitzen Bulk at p. 12 ("shall the runaway debtor be favored over these creditors?")